IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2005 SEP 23 A 10: 03

Ross Aaron 143489
_____
Full name and prison number
of plaintiff(s)

v.

Kim J. Thomas, Warden
Terrance McDonnell,
Deputy Warden Roswell
2nd Capt. Billups.
_____
Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:05cv911-F
(To be supplied by Clerk of
U.S. District Court)

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ) NO (X)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES (X) NO ( )

C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff(s) Ross Aaron

   Defendant(s) Terrance McDonnell, Warden and Attorney General of Alabama

2. Court (if federal court, name the district; if state court, name the county) Middle District of Alabama

3. Docket number CV-291-F

4. Name of judge to whom case was assigned MARK FULLER - Chief Judge

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) STILL pending

6. Approximate date of filing lawsuit 3-25-04

7. Approximate date of disposition STILL pending

II. PLACE OF PRESENT CONFINEMENT Kilby Correctional Facility, P.O. Box 150, Mt. Meigs, AL 36057

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Kilby Correctional Facility, P.O. Box 150, Mt. Meigs, AL. 36057

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME — ADDRESS

1. Kim T. Thomas; 101 S. Union Street, Montgomery, AL. 36130-1501
2. Warden Terrance McDonnell; P.O. Box 150, Mt. Meigs, AL 36057
3. Deputy Warden Rowell; P.O. Box 150, Mt. Meigs, AL 36057
4. Captain Billups; P.O. Box 150, Mt. Meigs, AL 36057
5. 
6. 

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED 9-16-05

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: Placing inmate over authority of Plaintiff and correctional officers to deny access to law library for access to the courts.

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

On 9-12-05, Plaintiff gave written notice to Kim Thomas and Warden McDonnell as to the deliberate denial of access to the law library legal research for pending litigation by inmate law clerk. On 9-14-05, without reply (cont.)

GROUND TWO: _____

SUPPORTING FACTS: _____

GROUND THREE: _____

SUPPORTING FACTS: _____

from Thomas or Warden McDonnell, I appeared before Capt. Billups and gave oral complaint that inmate law clerk was deliberately denying plaintiff access to the law library resulting in denial to access to the courts on present litigation. Capt. Billups responded that she would inquire and get back to plaintiff. On 9-16-05, without response, plaintiff entered the law library requesting access to legal research for present litigation. When a black inmate law clerk started to assist plaintiff, the white inmate law clerk who is placed in authority of other inmates and correctional officers ordered plaintiff to leave the law library for worrying "his" law clerk. Upon plaintiff's refusal to leave, the white inmate law clerk left, returning with officer Lawrence and another officer and directed them to remove plaintiff from the law library. Upon direct order of both officers for plaintiff to leave, plaintiff ask does the inmate law clerk have the authority to direct them to put plaintiff out of law library, especially where plaintiff is seeking access to the courts. In response, both officers said yes under authority of Capt. Billups.

Subsequent of being escorted from the law library, plaintiff encountered Deputy Warden Rowell and informed him of the inmate directing the officers to put plaintiff out of law library. Plaintiff then asked Rowell does the inmate law clerk have the exclusive authority to deny plaintiff access to the law library for access to the courts. Rowell replied that he did under the authority of Capt. Billups. Thereafter, the white inmate law clerk open the door to law library and informed Rowell that Capt. Billups had instructed him what to do when plaintiff ever entered the law library seeking legal research from the computor. As of this date the white inmate law clerk or prison officials has notified plaintiff when he would be allowed to access to the law library.

C1 – 7 (CONT.)

Ross Aaron – Plaintiff
Kathy Holt – Defendant
Middle District of Alabama
04-CV-786-T
Myron Thompson
Still Pending
    4-04

Ross Aaron – Plaintiff
Billy Mitchem, Warden – Defendant
Northern District of Alabama
04-CV-03257
Paul Greene
Still pending

Ross Aaron – Plaintiff
Billy Mitchem – Defendant
Northern District of Alabama
CV04-HGD-3999-S
William M. Acker Jr.
Still Pending – Filed 11-9-04
Certorari docket at U.S. Supreme Court

Ross Aaron – Plaintiff, aka. Rosauna Kuran
Ala. Dept. of Human Resources – Defendant
Northern District of Alabama
Michael Putnam
Still pending – Filed 3-22-05

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES. Demand Trial By Jury, Preliminary Injunction, Enjoining Inmate authority over other Inmates, provide a Trained Officer or Freeworld Law Clerk to Supervise Law Library. Declartory Judgment as to plaintiff's Constitutional Rights, & damages of $25,000.

_____ 143489
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 21, 2005
                    (Date)

_____ 143489
Signature of plaintiff(s)

4