IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSS AARON, #143489,
    PLAINTIFF,

v.

KIM J. THOMAS, et al.,
    DEFENDANTS.

CIVIL ACTION NO: 2:05-CV-911-F
WO

## OBJECTION TO RECOMMENDATION OF THE MAGISTRATE JUDGE

COMES NOW PLAINTIFF, ROSS AARON, #143489, SUI and through PRO SE and in the above-entitled cause on OBJECTION TO RECOMMENDATION OF THE MAGISTRATE JUDGE, ENTERED OCTOBER 4, 2005, THAT AARON'S CLAIMS AGAINST KIM J. THOMAS SHOULD BE DISMISSED PRIOR TO SERVICE OF PROCESS UPON APPLICATION OF 28 U.S.C. SS 1915(e)(2)(B)(i).

## DISCUSSION

THE MAGISTRATE JUDGE IN ITS CONCLUSION STATED THE LANGUAGE OF 42 U.S.C. SS 1983 REQUIRES PROOF OF AN AFFIRMATIVE CAUSAL CONNECTION BETWEEN THE ACTIONS TAKEN

by a defendant and the alleged constitutional deprivation. The Magistrate Judge is correct that the law of this Circuit directs that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation." Williams v. Bennett, 689 F.2d 1370, 1381 (11th Cir. 1982), cert. denied, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)

As the Magistrate Judge correctly pointed out, Aaron asserts that he gave written notice to Kim Thomas as to the deliberate denial of access to the law library at Kilby Correctional Facility.

Aaron points out that Kim T. Thomas holds a dual position as counsel for the Alabama Department of Corrections and supervisory position over the law library of Alabama Department of Corrections including law library at Kilby. He holds the responsibility for administration allowing inmate access to the law library, its rules

2.

and regulations, and provide legal materials as well as law books for access to the courts. Kim J. Thomas is liable for the actions of correctional officers in their deliberate denial of access to the law library due to his position as supervisory authority of the law library for the Alabama Department of Corrections. That in itself proffer an affirmative causal connection between the actions taken by the other defendants and the alleged constitutional deprivation. <u>Swint v. City of Wadley, Ala.</u>, 51 F.3d 988, 999 (11th Cir. 1995); <u>Jones v. Preuit & Mauldin</u>, 851 F.2d 1321 (11th Cir. 1988).

In light of the foregoing, this court should conclude on objection that Aaron's claims against defendant Thomas has an arguable basis in law and are therefore not subject to summary dismissal in accordance with the directives of 28 U.S.C. §§ 1915(e)(2)(B)(i). <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF'S OBJECTION IS DUE TO BE SUSTAINED THAT AARON'S CLAIMS AGAINST KIM J. THOMAS SHOULD NOT BE DISMISSED PRIOR TO SERVICE OF PROCESS UPON APPLICATION OF 28 U.S.C. §§ 1915(e)(2)(B)(i).

RESPECTFULLY SUBMITTED,

_Ross Aaron 143489_
ROSS AARON 143489

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 14TH DAY OF OCTOBER, 2005, I HAVE SERVED A COPY OF THE FOREGOING "OBJECTION" UPON COUNSEL FOR DEFENDANTS TROY KING, ATTORNEY GENERAL OF ALABAMA, GREGORY O GRIFFIN GENERAL COUNSEL FOR ALABAMA DEPARTMENT OF CORRECTIONS AND KIM J. THOMAS, DEPUTY COUNSEL OF ALABAMA DEPARTMENT OF CORRECTIONS, BY PLACING SAME IN U.S. POSTAL BOX AT KILBY CORRECTIONAL FACILITY, POSTAGE PREPAID, FIRST CLASS AND PROPERLY ADDRESSED.

BY: _Ross Aaron 143489_
ROSS AARON 143489
P.O. BOX 150
MT. MEIGS, AL 36057

4.

Cess Aaron 143465
P.O. Box 150
Mt. Meigs, AL 36057

LEGAL MAIL



Office of The Clerk
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama
36101-0711