IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSS AARON #143489 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-911-F |
| | ) |
| KIM J. THOMAS et. al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Come now the Defendants Warden Terrance McDonnell, Deputy Warden Willie G. Rowell and Correctional Officer II Phyllis Billups, by and through the Office of the Attorney General – State of Alabama, and in accordance with this Honorable Court's Order dated October 4, 2005, hereby submit the following Answer:

## STATEMENT OF FACTS

1. The Defendants admit that on or about the first of September 2005, inmate Aaron went to the Captain's office during open house and told Defendant Billups that he had sent a written request to Defendants McDonnell and Rowell to use the computer in the law library at Kilby Correctional Facility. The inmate also indicated that he had made a request to Captain Barrett at the prison. Defendant Billups further admits that she informed inmate Billups that Captain Barrett was not in the office and that he could come back to speak with him later that day. Defendant Billups also told

told inmate Aaron that Wardens McDonnell and Rowell would be answering his request soon. During their conversation, Defendant Billups states that the Plaintiff did not mention any problems that he allegedly had about accessing the law library. Inmate Aaron left the office.

2. Defendant McDonnell admits that on September 19, 2005 around 1:30 p.m., prison officials removed inmate Aaron from the law library. Later that day, around 2:30 p.m., inmate Aaron returned to the law library and requested two Federal civil action forms, which were provided to him.

3. Defendant McDonnell admits that DOC staff and trained inmate law clerks are instructed to report a problem immediately to the hall officer and the Law Library Supervisor anytime that an inmate causes a disturbance, defaces any library property or attempts to argue with them. The inmate clerks have no authority over other inmates or prison staff and they cannot have prisoners removed from the law library. Then, the hall officer will check out the problem, resolve it or remove the inmate from the library for that day depending on the circumstances. In his complaint, inmate Aaron admits that he refused to leave the library when an inmate law clerk asked him to do so. When the inmate law clerk reported him to prison officials, inmate Aaron began to question them as to whether an inmate clerk had authority to ask him to leave the law library.

4. Defendant Rowell admits that inmate Aaron approached him in the Main Hallway on or around September 19, 2005, and asked if another inmate could throw him out of the law library. Defendant Rowell told the

Plaintiff "No, but they are to get an officer if someone is causing a disturbance or breaking rules in the law library." Defendant Rowell states that despite inmate Aaron's removal from the law library on September 19, 2005, for unruly behavior, that he has used the library on September 27, 2005 and October 3, 4, 11 and 18, 2005.

## AFFIRMATIVE DEFENSES

1. The Defendants deny that they violated the Plaintiff's constitutional right of access to the law library during his incarceration at Kilby Correctional Facility.

2. The Defendants deny that they violated any of the Plaintiff's constitutional rights during his incarceration at Kilby Correctional Facility.

3. The Defendants deny that they have deprived the Plaintiff of any of his constitutional rights.

4. The Defendants assert that the Plaintiff has failed to articulate any claims in order to entitle him to any relief.

5. The Defendants assert the defenses of sovereign and qualified immunity in regards to the Plaintiff's suit for monetary damages.

6. The Defendants assert that the Plaintiff is not entitled to injunctive relief, declaratory judgment, compensatory and/or punitive damages or any other type of relief.

7. The Defendants reserve the right to add by amendment any and all defenses that may be applicable but which are unidentifiable at this time.

Respectfully submitted,
TROY KING (KIN 047)
ATTORNEY GENERAL
BY:

s/LaVette Lyas-Brown
LAVETTE LYAS-BROWN (LYA 001)
ASSISTANT ATTORNEY GENERAL
COUNSEL FOR THE DEFENDANTS

<u>ADDRESS OF COUNSEL:</u>
Office of the Attorney General
11 South Union Street
Montgomery AL  36130
334-242-7443
334-242-2433 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of November, 2005, that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that I served a true and correct copy of the foregoing has been forwarded by U.S. First Class Mail, postage prepaid and properly addressed to:

> Ross Aaron #143489
> Kilby Correctional Facility
> P.O. Box 150
> Mt. Meigs, AL 36057

s/LaVette Lyas-Brown
LAVETTE LYAS-BROWN
ASSISTANT ATTORNEY GENERAL
