IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROSS AARON #143489** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-911-F |
| | ) |
| **KIM J. THOMAS et. al.** | ) |
| | ) |
| **Defendants.** | ) |

## SPECIAL REPORT

Come now the Defendants Warden Terrance McDonnell, Deputy Warden Willie G. Rowell and Correctional Officer II Phyllis Billups, by and through the Office of the Attorney General – State of Alabama, and in accordance with this Honorable Court's Order dated October 4, 2005, hereby submit the following Special Report:

## PARTIES

1. The Plaintiff, Ross Aaron, is an Alabama Department of Corrections inmate, who is incarcerated at the Kilby Correctional Facility in Mt. Meigs Alabama.

2. The Defendant, Terrance McDonnell is employed as a Warden III with the Alabama Department of Corrections at Kilby Correctional Facility in Mt. Meigs, Alabama.

3. The Defendant, Willie Rowell is employed as a Warden II with the Alabama Department of Corrections at Kilby Correctional Facility in Mt. Meigs, Alabama.

4. The Defendant, Phyllis Billups is employed as a Correctional Officer Supervisor II with the Alabama Department of Corrections at Kilby Correctional Facility in Mt. Meigs, Alabama.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

The Plaintiff alleges that on September 16, 2005, that the Defendants violated his constitutional rights by denying him access to the law library during his incarceration at Kilby prison. Further, the Plaintiff seeks a preliminary injunction and declaratory judgment against the Defendants. The Plaintiff demands $25,000 in damages from the Defendants.

## DEFENDANTS' EXHIBITS

1. Exhibit 1- Affidavit of Defendant Billups
2. Exhibit 2 – Affidavit of Defendant McDonnell with attachments
3. Exhibit 3 – Affidavit of Defendant Rowell

The attached affidavits and documentation serve as Rule 26 initial disclosures.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional right of access to the law library during his incarceration at Kilby Correctional Facility.

2. The Defendants deny that they violated any of the Plaintiff's constitutional rights during his incarceration at Kilby Correctional Facility.

3. The Defendants deny that they have deprived the Plaintiff of any of his constitutional rights.

4. The Defendants assert that the Plaintiff has failed to articulate any claims in order to entitle him to any relief.

5. The Defendants assert the defenses of sovereign and qualified immunity in regards to the Plaintiff's suit for monetary damages.

6. The Defendants assert that the Plaintiff is not entitled to injunctive relief, declaratory judgment, compensatory and/or punitive damages or any other type of relief.

## STATEMENT OF FACTS

The facts surrounding the events in question are set out in detail in the affidavits of the Defendants and submitted herein as exhibits. After a review of the evidence, this Honorable Court should find that the Defendants have not violated any of inmate Aaron's constitutional rights during his incarceration at Kilby Correctional Facility. According to the Defendants' affidavits, on or about the first of September 2005, inmate Aaron went to the Captain's office during open house and told Defendant Billups that he had sent a written request to Defendants McDonnell and Rowell to use the computer in the law library at Kilby Correctional Facility. The inmate also indicated that he had made a request to Captain Barrett at the prison. Defendant Billups informed inmate Aaron that

Captain Barrett was not in the office and that he could come back to speak with him later that day. She further told inmate Aaron that Wardens McDonnell and Rowell would probably be answering his request soon. During their conversation, Defendant Billups states that the Plaintiff did not mention any problems that he allegedly had about accessing the law library. Inmate Aaron left the office. (See Defendants' Exhibit 1)

Defendant McDonnell refutes that inmate Aaron has been denied access to the law library at Kilby prison. On September 19, 2005 around 1:30 p.m., prison officials removed inmate Aaron from the law library. Later that day, around 2:30 p.m., inmate Aaron returned to the law library and requested two Federal civil action forms, which were provided to him. (See Defendants' Exhibit 2)

Defendant McDonnell states that DOC staff and trained inmate law clerks are instructed to report a problem immediately to the hall officer and the Law Library Supervisor anytime that an inmate causes a disturbance, defaces any library property or attempts to argue with them. The inmate clerks have no authority over other inmates or prison staff and they cannot have prisoners removed from the law library. Then, the hall officer will check out the problem, resolve it or remove the inmate from the library for that day depending on the circumstances. In his complaint, inmate Aaron admits that he refused to leave the library when an inmate law clerk asked him to do so. When the inmate law clerk reported him to prison officials, inmate Aaron began to question them as to whether an inmate clerk had authority to ask him to leave the law library. (See Defendants' Exhibit 2).

Defendant Rowell states that inmate Aaron approached him in the Main Hallway on or around September 19, 2005, and asked if another inmate could throw him out of the

4

law library. Defendant Rowell told the Plaintiff "No, but they are to get an officer if someone is causing a disturbance or breaking rules in the law library." Defendant Rowell states that despite inmate Aaron's removal from the law library on September 19, 2005, for unruly behavior, that he has used the library on September 27, 2005 and October 3, 4, 11 and 18, 2005. (See Defendants' Exhibits 2& 3)

### I.

### THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE DEFENDANTS THAT THEY HAVE VIOLATED HIS CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS PURSUANT TO 42 U.S.C. § 1983.

The Plaintiff contends that the Defendants have violated his right to access the law library during his incarceration at Kilby prison. The Plaintiff's frivolous allegations are due to be denied.

It is well settled that prisoners have a constitutional right to access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or ... impeded.' *Lewis v. Casey,* 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (footnote omitted)." *Jackson v. State Bd. of Pardons and Paroles* 331 F.3d 790, 797 (11th Cir. 2003)

"[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's l egal assistance f acilities, he c ould no t ha ve kno wn. Or t hat h e ha d s uffered

5

arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."

*Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). Under *Lewis v. Casey*, the inmate must show the alleged inadequacies of the library or legal assistance program have resulted in the dismissal of a complaint. *Id.*

In the instant case, inmate Aaron alleges that he has been denied access to the law library in the prison. Despite his contentions, the Defendants' evidence reflects that inmate Aaron has used the law library at the prison. As stated earlier, despite inmate Aaron's removal from the law library on September 19, 2005, for unruly behavior, that he has used the library on September 27, 2005 and October 3, 4, 11 and 18, 2005. (See Defendants' Exhibits 2& 3)

Other than his bare allegations about a denial of access to the law library, inmate Aaron fails to provide any documentation that demonstrates that he suffered any actual injury from an alleged denial of access to the law library. Even when the Defendants removed the Plaintiff from the library for his disruptive behavior on September 19, 2005, he was allowed to return that same day in order to get some forms for civil lawsuits in Federal court. The Defendants maintain that they have not denied the Plaintiff to access the law library.

In this case, the Defendants have implemented various procedures at Kilby prison for all inmates, including the Plaintiff, to use the law library and the computers located there. However, inmate Aaron is required, as other prisoners, to adhere to the rules set for the use of the law library. Specifically, it is prison policy at Kilby that " [e]ach inmate is responsible for insuring that the provisions of the Standard Operating Procedure for the law library are strictly followed and violations of established procedures, rules, and

requirements may subject the inmate to possible disciplinary action." (See attachment to Defendants' Exhibit 2) When inmate Aaron became belligerent with the inmate law clerk, he violated the rule which states, "[i]nmates must maintain order and quiet in the law library."" (See Defendants' Exhibit 2) Consequently, prison officials were justified in their actions when inmate Aaron had to briefly leave the library because he did not comply with the rules. However, the Defendants did not prohibit the Plaintiff from utilizing the library after that incident. As noted earlier, on the very day that he was asked to leave, the Plaintiff later returned to the library to get some information for civil lawsuits. Therefore, inmate Padgett's unfounded and frivolous claim that the Defendants have violated his constitutional right to access the courts is due to be denied.

## II.

### THE DEFENDANTS ARE IMMUNE FROM DAMAGES LIABILITY IN REGARDS TO THE PLAINTIFF'S CLAIM THAT HE WAS DENIED ACCESS TO THE COURTS

**A. Eleventh Amendment immunity**

The Eleventh Amendment bars suits against a State in Federal Court, unless the State's immunity has either been waived by the State or abrogated by Congress in a valid exercise of its authority. When Congress enacted 42 U.S.C. § 1983 it did not intend to abrogate immunities "well grounded in history and reason." *Tenney v. Brandhove,* 341 U.S. 367, 376 (1951); *Marsh v. Butler County,* 268 F.3d 1014 (11th Cir. 2001). The Supreme Court has explained that certain immunities were so well established at the time 42 U.S.C. § 1983 was enacted in 1871 that it assumed "Congress would have specifically

7

so provided had it wished to abolish" them. *Buckley v. Fitzsimmons,* 509 U.S. 259, 268 (1993). An Eleventh Amendment immunity defense is jurisdictional. *Edelman v. Jordan,* 415 U.S. 651, 677-78 (1974).

The Supreme Court has stated:

> "There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan,* 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley,* 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

*Alabama v. Pugh,* 438 U.S. 781, 782 (1978). The Defendants are state employees, and, to the extent that they are sued in their official capacities, the suit against them is in effect a suit against the State. In addition, Alabama has not consented to be sued or waived its immunity in this case. Therefore, as state actors, the Defendants are immunized under the Eleventh Amendment from the Plaintiff's complaint. Thus, to the extent that the Defendants are sued for monetary damages in their official capacities, they are absolutely immune from liability.

**B. Qualified immunity**

Additionally, the Defendants are protected by the defense of qualified immunity from the Plaintiff's claims. A defendant is entitled to qualified immunity from § 1983 suits if he was acting in his capacity as a state official and he did not violate "clearly established statutory law or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer,* 122 S.Ct. 2508, 2511 (2002). A constitutional right is

considered clearly established when it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 2515; *Willingham v. Loughnan*, 321 F.3d 1299 (11th Cir. 2003)

Further, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consisted of discretionary functions and the actions did not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity).

The Eleventh Circuit has also held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295. Here, the Defendants exercised discretion in the performance of their duties and sought to preserve internal order, discipline and institutional security at the prison when the Plaintiff was temporarily made to leave the law library after he became disruptive. Nonetheless, the Defendants afforded inmate Aaron access to the law library when he complied with prison rules and regulations for use of it. The Defendants are entitled to qualified immunity because they did not violate the Plaintiff's constitutional rights.

9

## CONCLUSION

The Defendants' evidence proves that the Plaintiff's claims are without merit. The Plaintiff has not produced sufficient evidence of his claims to support a jury verdict in his favor. The Plaintiff is not entitled to any injunctive or declaratory relief. In addition, the Defendants are entitled to sovereign and qualified immunity in regards to the Plaintiff's suit for liability and damages. Therefore, this Honorable Court should enter a summary judgment in favor of the Defendants.

WHEREFORE, the above-cited facts and law considered, the Defendants request that a summary judgment be entered in their favor.

Respectfully submitted,
TROY KING (KIN 047)
ATTORNEY GENERAL
BY:

s/LaVette Lyas-Brown
LAVETTE LYAS-BROWN (LYA 001)
ASSISTANT ATTORNEY GENERAL
COUNSEL FOR THE DEFENDANTS

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery AL  36130
334-242-7443
334-242-2433 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of November, 2005, that I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that I served a true and correct copy of the foregoing has been forwarded by U.S. First Class Mail, postage prepaid and properly addressed to:

Ross Aaron #143489
Kilby Correctional Facility
P.O. Box 150
Mt. Meigs, AL 36057

s/LaVette Lyas-Brown
LAVETTE LYAS-BROWN
ASSISTANT ATTORNEY GENERAL