IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSS AARON #143489, )
    Plaintiff, )
  )
vs. ) CIVIL ACTION NO. 2:05-CV-911E
  )
KIM THOMAS et al., )
  )
    Defendants. )

### PLAINTIFF'S TRAVERSE TO DEFENDANT'S SPECIAL REPORT

Come now Plaintiff Ross Aaron#143489, by and through pro'se, and in accordance with this Honorable Court's Order dated November 10, 2005, hereby traverse Defendant's "Special Report" as follows:

### PLAINTIFF'S ALLEGATIONS AND DEMANDS

The plaintiff alleges that on September 12, 2005, and thereafter, that the Defendants violated his constitutional rights by allowing an inmate to deny Plaintiff's access to the law library during his incarceration at Kilby Correctional Facility. Further, Plaintiff seeks a preliminary injunction, declaratory judgment against Defendants, trial by jury, and demands $25,000 in damages from the Defendants.

### PLAINTIFF'S EXHIBIT

1. Exhibit 1- Affidavit of Plaintiff Ross Aaron #143489

### PLAINTIFF'S TRAVERSE

1. Plaintiff admits that Defendants violated his constitutional right of access to the law library by another inmate during his incarceration at Kilby Correctional Facility.

2. The Plaintiff admit that Defendants violated his constitutional rights during his incarceration at Kilby Correctional Facility.

3. Plaintiff admits that Defendants have deprived Plaintiff of his First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff asserts that he has articualted claims in order to entitle him to relief.

5. Plaintiff asserts that the Defendants defenses of sovereign and qualified immunity in regards to Plaintiff's suit for monetary damages is without merit.

6. Plaintiff asserts that he is entitled to injunctive relief, declaratory judgment, compensatory and/or punitive damages and any other type of relief.

### STATEMENT OF FACTS

The facts surrounding the events in Plaintiff's complaint are set out in detail in the affidavit of Ross Aaron #143489, and submitted therein as Exhibit 1. Plaintiff adopts by reference Affidavit of Ross Aaron (Exhibit 1), as statement of facts for judicial ecomony of the Court. After review of the evidence by both parties, this Honorable Court should find that the Defendants has violated inmate Aaron's constitutional rights during his incarceration at Kilby Correctional Facility.

### I.

THE PLAINTIFF HAS STATED A CLAIM AGAINST THE DEFENDANT'S THAT THEY HAVE VIOLATED HIS CONSTITUTIONAL RIGHTS BY ALLOWING AN INMATE TO DENY PLAINTIFF RIGHT OF ACCESS TO THE COURTS PURSUANT TO 28 U.S.C. & 1983.

The Plaintiff contends that the Defendants have violated his right to access to the law library during his incarceration at Kilby Correctional Facility. Plaintiff's claim is meritorious on its face and is due to be addressed by this Court.

2.

Prisoners have a constitutional right of adequate effective and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct 1491, 52 L.Ed.2d 72 (1977). The fundamental constitutional right of access to the courts requires prison authorities to assist inmates on the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law. id. In Barbour, that Court concluded, "at this juncture, it is not necessary for the Plaintiffs to prove that they were prevented from filing a complaint or that a complaint was dismissed due to the actions of the defendants to establish standing. Barbour v. Haley, 2003 U.S. Dist. LEXIS 25799.

In the instant case, inmate Aaron asserts that he was denied access to the law library by another inmate, with the authority of named Defendants. Contrary to the Defendants contentions, they have not produced any evidence that inmate Aaron's removal from the law library was due for unruly behavior. Moreover, Defendants has failed to obtain an affidavit from Officer Lawerence as to what actually occurred which resulted in inmate Aaron's removal from the Kilby Law Library, which at this point is pure speculation. Especially, since inmate Aaron's alleged unruly behavior is not supported by a Citation or Disciplinary Report that inmate Aaron's conduct violated an institutional rule or infaction.

Inmate Aaron does admit that he was allowed to return to the law library after his removal by Officer Lawerence. But inmate Aaron requested and received permission from Officer Lawerence to return only for a moment to obtain a &1983 civil action complaint. The same

occurred on September 27, 2005 and October 3, 4, 11 and 18, 2005, where inmate Aaron requested permission to obtain paper and envolopes. Nevertheless, inmate Aaron was not permitted use of computers that provided law books for legal research for the preparation and filing of meaningful litigations.

The State may not impair or impede in an unfettered way a prisoners access to form or legal assistance. Johnson v. Avery, 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct 747(1969). It is true to have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or... impeded.' Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). But in some cases, the prejudice inheres in specific facts. Wright v. Newsome, 795 F.2d 964 (11th Cir.1986).

In this case, the Defendants has, on its own admission, has implemented a policy restricting inmates who are not housed at Kilby, us of law library computers for the preparartion and filing of meaningful litigation. Moreover, the Defendants maintain that in order permission to law library computers at Kilby, an inmate must be trained for its operation. But nevertheless, the Defendants has not demonstrated any methods of training for the use of the computors. Inmate Aaron has received trainning at Limestone Correctional Facility to operate the Lexis Nexis, and is a certified law clerk by the Alabama Department of Corrections, assigned as a law clerk at Limestone Correctional Facility.

The Lexis Nexis System is the only avenue for Alabama department of Corrections inmates to review the latest Shepard's Citation, and any case law decisions as the books were discontined in December, 2004

4.

The Defendants conduct is permitting an inmate law clerk to become a barrier between inmate Aaron and effective legal research constitues a functional denial of access to the courts. Especially, since neither Kilby inmate law clerks has not received any trainning as to the operation of the Nexis Lexis for query search. The sole reason that inmate Slater summon Officer Lawerence to remove inmate Aaron from the law library was that inmate Aaron was instructing inmate May how to conduct a query search where he stated he was not trained to do so. Inmate Slater felt that his authority over the law library was being threaten and his supervison questioned where inmate Aaron was teaching inmate May the procedures of conducting a query search.

The allgations in Aaron's complaint suffice to meet the first category of denial of access to the court claims identified by the Supreme Court in Christopher v. Harbury, 536 U.S. 403, 153 L.Ed.2d 413,122 S.Ct. 2179 (2002). These type of claims are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time. Thus, in the prison-litigation cases, the relief sought may be a law library for prisoners use in preparing a case...or a reader for an illiterate prisoner. id.

The general allegations of Aaron's complaint in the present case may well have sufficed to claim injury by named by Plaintiff and hence standing to demand remediation with respect to various alleged inadequacies in the prison system. When standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the Defendants conduct may be sufficient to show standing. See, Bass v. Singletary, 143 F.3d 1442-1445 (11th Cir.1998).

It is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed. The Defendants restrictive policies interfere with and impede rights to access to courts. Aaron plainly seeks relief from acts that inpair prisoners fundamental rights to access to the court. Aaron contends that the Defendants interference with his fundamental rights violates the United States Constitution.

Aaron suffered actual prejudice from denial of access to Kilby's law library. Upon being denied access to Nexis Lexis System, Aaron was unable to demonstrate the four preequisites necessary for issuance of requested preliminary injunction, and in doing so, Aaron's preliminary injunction was denied. See, Document Number: 4. Moreover, Aaron was unable to adequately present claims against Defendant Kim J. Thomas, where such claims were dismissed prior to service of process. See, Document Number: 5.

Aaron suffered prejudice, where being denied access to Lexis Nexis System, where he was unable to file litigation for evidentiary hearing in Ross Aaron v. Terrance McDonnell, et al., 2:04-CV-291-F. Aaron was unable to litigate motion for evidentiary hearing until his return to Limestone Correctional Facility. It is true that this deprivation are of a minor and short-lived nature. But it implicates general policies as to denial of access to Kilby law library which conflicts with constitutional law with access to courts. See, Chandler v. Baird, 926 F.2d 1057 (11th Cir.1991).

6.

II.                              II.

**THE DEFENDANTS ARE NOT IMMUNE FROM DAMAGES LIABILITY IN REGARDS TO THE PLAINTIFF'S CLAIM THAT HE WAS DENIED ACCESS TO THE COURTS.**

A. **Eleventh Amendment immunity:**

Since <u>Ex parte Young</u>, 209 US 123, 52 L.Ed 714, 28 S.Ct 441 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. Ex parte young teaches that when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into confict with the superior authority of that constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States. Cited in <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 40 L.Ed.2d 90, 94 S.Ct 1683(1974).

Analyzing Aaron's complaint in light of these precedents, this Court should see that Aaron's alleged facts that demonstrate he is seeking to impose individual and personal liability on the named Defendants for what he claim--but have not established by proof--- was a deprivation of federal rights by these Defendants under the color of state law.

The Defendants are relying upon the existence of absolute Eleventh immunity as an alternative ground for obtaining the dismissal of Aaron's complaint.

7.

For the present purposes this Court need to determine whether there Eleventh Amendment immunity, as the Defendants claim, governing the specific allegations of the complaint against Warden McDonnell, Deputy Warden Rowell, and Captain Billups of the Department of Corrections is subjected in their own person to the consequences of their individual conduct. Final resolution of this question must take into account the functions and responsibilities of these particular defendants in their capacities as officers of the state government, as well as the purpose of 42 USC & 1983. In <u>Monroe v. Pape</u>, Mr. Justice Douglas, writing for the Court, held that the section in question was meant "to give a remedy to parties deprived of constitutional rights, privilages and immunities by an official's abuse of his position. <u>id.</u> 365 US, at 172, 5 L.Ed.2d 492.

Thus, to the extent that the Defendants are sued for monetary damages in their official capacities with acts under state law in a manner violative of the Federal Constitution, they are not shielded by absolutely immune from liability.

## B. Qualified Immunity

Additionally, the Defendants are not protected by defense of qualified immunity from Plaintiff's claims. For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in defendants place, that "what he is doing" violates federal law. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Cited in <u>Lassiter v. Alabama A & M University</u>, 28 F.3d 1146 (11th Cir. 1994).

Here, the Plaintiff placed Defendants on notice that an inmate law clerk was denying Plaintiff access to the Lexis Nexis System in the law library, which is an replacement for law books for legal research. Plaintiff further notified the Defendants that the use of the Lexis Nexis System was for present litigation in the courts. The denial of access to the law library, ultimately caused Plaintiff's preliminary injunction and dismissal of Kim J. Thomas in this cause of action. Moreover, the Defendants delegated to the inmate authority over inmates to exercise discretion in the preformance of Defendants duties to preserve internal order and discipline and to maintain institutional security. Nonetheless, there is no evidence that Plaintiff was disruptive, or accused of disruption by any correctional officer who escorted Plaintiff out of the law library on the inmate's request.

It has been clarified in this Circuit that fundamental constitutional rights to the courts requires prison authorities to provide prisoner's with adequate law libraries or adequate assistance from persons trained in Law. Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998), citing Bounds v. Smith, supra. Moreover, it has been clarified in this Circuit that prison officials violate Federal Law in delegation to an inmate authority over other inmates duties to preserve internal order and discipline and to maintain institutional security. Pugh v. Locke, 406 F.Supp. 318 (M.D.Ala. 1976).

The Defendants are not entitled to qualified immunity because they knowingly violated Plaintiff's constitutional rights.

## CONCLUSION

The evidence presented proves that Plaintiff's claims are meritorios on its face. Plaintiff has produced sufficient evidence of his claims to support a jury verdict in his favor. The Plaintiff is

is entitled to injunctive relief and declaratory judgment. In addition, the Defendats are not entitled to sovereign and qualified immunity in regards to Plaintiff's suit for liability and damages. Therefore, the above-cited facts and law considered, the Plaintiff requests that a summary judgment in favor of the Defendants not enter in their favor.

Respectfully submitted,

*Ross Aaron 143489*
ROSS AARON #143489

## CERTIFICATE OF SERVICE

I hereby certify that on this___day of December, 2005, that I have served a copy of the foregoing "Traverse" upon Hon. Lavette Lyas-Brown, counsel for Defendants, by placing same in U.S. Postal Box at Limestone Correctional Facility, postage prepaid, first class and properly addressed.

BY: *Ross Aaron 143489*
ROSS AARON #143489

10.