```
       IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF ALABAMA
                 NORTHERN DIVISION
```

ROSS AARON #143489,              )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )
                                 )   CIVIL ACTION NO: 2:05-CV-911-WO
KIM J. THOMAS, et al.,           )
                                 )
    Defendants.                  )

STATE OF ALABAMA)
               -ss
LIMESTONE COUNTY)

<u>AFFIDAVIT</u>

I, Ross Aaron #143489, hereby certify and affirm that I am the Plaintiff in this action; and that I am over the age of nineteen (19) years and in sound mind upon given this affidavit and matters stated therein.

On or about April, 1987, I attended Legal Seminar at St. Clair Correctional Facility, and upon completion, was certified by Alabama Department of Corrections as an Inmate Law Clerk.

On or about March, 2005, I attended computer classes for Lexis Nexis at Limestone Correctional Facility under the teaching of Officer Baldwin, Library Supervisor. The Lexis Nexis system was installed by Department of Corrections to replace and update legal books to research, locate and utilize current law.

On September 8, 2005, Limestone Correctional Facility placed me on medical transfer to Kilby Correctional Facility for outside dental treatment. Prior to transfer, I was researching current law for litigation concerning <u>Ross Aaron v. Terrance McDonnell</u>, 2:04-CV-291-F; and <u>Kathy Holt and Terrance McDonnell</u>, 2:04-CV-786-T.

On or about September 12, 2005, I entered the law library at Kilby requesting access to the Lexis Nexis Computer to continue research for current law for present litigation. Upon requesting for access, I was denied by inmate law clerk Slater, because I was interferring with his ongoing computer game of Dirty Hearts. He further stated that only law clerks at Kilby were authorized to operate Nexis Lexis for legal research.

On September 12, 2005, I gave written notice to Kim J. Thomas, and Warden Terrance McDonnell as to the deliberate denial of access to the law library legal research for access to the court.

On September 14, 2005, without reply from Hon. Thomas and Warden McDonnell, I appeared before Capt. Billups and gave an oral complaint that inmate Slater, inmate law clerk, was deliberately denying me access to the Lexis Nexis Computer System for legal research for pending litigation in both state and federal courts. Capt. Billups responded that she would inquire into the denial and get back to me on September 16, 2005.

On September 16, 2005, without response from Capt. Billups, I entered the law library and requested to inmate May, inmate law clerk, to conduct a query search for me on the Nexis Lexis System for legal research on pending litigation. Inmate May responded that he was unlearned in query search procedure. Thereafter, I gave inmate May information how to conduct a query search, which resulted in inmate Slater ordering me out of the law library. Inmate Slater said "get Out, you don't come in here and bother my clerks."

In response, I informed inmate Slater he had no authority to order me out of the law library. Inmate Slater in response said I will

show my authority and thereafter, exited the law library and returned with Officer Lawrence and another officer, directing them to escort me out of the law library. At that point, I ask Officer Lawerence how does inmate Slater have the authority to direct them to escort me out of the law library, especially since I have not violated any institutional rules or created any disturbance? Officer Lawerence in response, stated that his authority is delegated by Capt. Billups, and must comply to inmate Slater's direction.

    Subsequent of being escorted from the law library, I encountered Deputy Warden Roswell and informed him that inmate Slater directed Officer Lawerence to put me out of the law library, where I had not violated any institutional rules, nor cause any disturbance. In addition, I ask Mr. Roswell does the inmate law clerk have exclusive authority to deny me access to the law library. In response, Deputy Warden Roswell stated he did, under the authority of Capt. Billups.

    Upon Deputy Warden Roswell's response, inmate Slater open the door to the law library and informed Roswell that Capt. Billups had instructed him what to do when inmate Aaron ever entered the law library seeking legal research from the computers.

    Thereafter, I sought and received permission from Officer Lawerence to obtain a &1983 civil rights form, and was allowed several minutes to obtain it. Every week thereafter, I sought and received permission to enter the law library to obtain 10 sheets of paper, but continued denial of the Lexis Nexis System. After inmate Slater directed Officer Lawerence to escort me out of the law library, the inmate law clerks, nor prison officials notified me when I would be allowed access to the law books through Nexis Lexis.

3.

While being denied access to Lexis Nexis System, I was unable to file litigation for evidentiary hearing in <u>Ross Aaron v. Terrance McDonnell, et al.,</u> 2:04-CV-291-F. I was unable to file litigation for evidentiary hearing until several months later upon return to Limestone Correctional Facility. Moreover, such denial I was unable to demonstrate the four prerequisites necessary for issuance of requested preliminary injunction in this cause, and failure to do so, my preliminary injunction request was denied. See, Doc.# 4. In addition, I was unable to adequately prosecute my claims against Defendant Kim J. Thomas, which the Court dismissed my claims against Thomas prior to service of process.

BY: _____
ROSS AARON #143489

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 3RD DAY OF DECEMBER, 2005.

NOTARY PUBLIC _____

MY COMMISSION EXPIRES  2-12-07

4.