IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSS AARON, )
)
Plaintiff, )
)
v. ) CIVIL ACT. NO. 2:05cv911-WKW
) [WO]
KIM J. THOMAS, *et al*, )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Prisoners have a right to access to the courts under the Fourteenth Amendment. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). To the extent that prisoners have a right of access to a law library, this right is dependent on their right to access to the courts. *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 349-351 (1996)). Thus, prisoners must do more than show interference with their access to a law library; they must also show actual harm. *Id.*, at 351 ("[T]he inmate[s] therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered [their] efforts to pursue a legal claim."). Further, only specific types of legal claims are protected by this right, namely, the non-frivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998).

In this 42 U.S.C. § 1983 action the plaintiff contends that while incarcerated at Kilby

Correctional Facility he was denied access to the prison library.[1] Aaron further contends that as a result of this denial, he

> was unable to file litigation for evidentiary hearing in Ross Aaron v. Terrance McDonnell, *et al*, 2:04-CV-292-F. I was unable to file litigation for evidentiary hearing until several months later upon returned to Limestone Correctional Facility. Moreover, such denial I was unable to demonstrate the four prerequisites necessary for issuance of requested preliminary injunction in this cause, and failure to do so, my preliminary injunction request was denied. See, Doc. # 4. In addition, I was unable to adequately prosecute my claims against Defendant Kim J. Thomas, which the Court dismissed my claims against Thomas prior to service of process.

(Pl. Aff. In Opposition to Mot. Summ. J., Doc. # 17 at 4.)

For the reasons which follow, the plaintiff is entitled to no relief because he has failed to demonstrate any prejudice caused by any denial of or delay in granting access to a law library. First, the plaintiff's claim was not prejudiced by any inability "to file litigation for evidentiary hearing" in *Aaron v. McDonnell*, 2:04cv291-MEF. The alleged denial of access complained about in the instant case happened in September 2005. A review of the court's records in *McDonnell* shows that the substantive issue, a challenge to Aaron's extradition from Ohio, was decided against him on the merits as a matter of law. The plaintiff does not show that he was entitled to and lost the opportunity for an evidentiary hearing because he was denied access to a law library. Indeed, Aaron filed a motion for an evidentiary hearing in that case on November 9, 2005. That motion was denied on the merits, not because the motion was untimely.

---

[1] The facts related to this alleged denial are immaterial to the decision in this case.

Aaron further claims that he was prejudiced in the instant case because he "was unable to demonstrate the four prerequisites necessary for issuance of requested preliminary injunction in this cause, and failure to do so, . . . [his] preliminary injunction request was denied." The complaint in this case was filed on September 23, 2005. The complaint included a demand for preliminary injunctive relief. On October 4, 2005, the Magistrate Judge to whom the case had been referred entered a Recommendation that the motion for injunctive relief be denied. While Aaron did not file any objection to the Recommendation, he filed on October 18, 2005, a five page objection to a Recommendation that Kim Thomas be dismissed as a defendant. *See* Doc. # 8. Other than his conclusory statement, Aaron has come forward with no evidence that denial of access to the law library resulted in the loss of his motion for injunctive relief. An essential element of Aaron's claim that he has been denied access to the law library is "actual injury." *Lewis*, 518 U.S. at 351. Conclusory allegations of injury or prejudice are insufficient, and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* A prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

Lastly, Aaron complains that his lack of access impaired in the instant case his ability "to adequately prosecute . . . [his] claims against Defendant Kim J. Thomas, which the Court dismissed . . . [his] claims against Thomas prior to service of process." Thomas, a lawyer for the Alabama Department of Corrections, was dismissed for the following reasons:

> Aaron asserts that he "gave written notice to Kim Thomas . . . as to the deliberate denial of access to the law library . . ." *Plaintiff's Complaint* at 3. The language of 42 U.S.C.§ 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley*, *Ala*., 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*,689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999. It is clear that defendant Thomas has no authority over the law library at Kilby and is not in any way responsible for allowing inmates access to the law library; rather, access to Kilby's law library is administered by correctional officials employed at the correctional facility. Consequently, the requisite causal connection fails to exist in this case.
>
> To the extent Aaron maintains that defendant Thomas is liable for the actions of correctional officials due to his position as counsel for the Alabama Department of Corrections, Aaron's claims must likewise fail. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*,436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied*, 510 U.S. 1164, 114S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the plaintiff's claims against defendant Thomas lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. §1915(e)(2)(B)(I). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

(Recommendation of the Magistrate Judge, October 4, 2005, Doc. # 5 at 2-3).

As noted above, Aaron filed an objection to this Recommendation. The objection contains citations of law and arguments of law and fact. On November 2, 2005, the District Judge entered an order overruling the objections and adopting the Recommendation denying the motion for injunctive relief. Aaron has not shown how any denial of access hindered him

in preparing his objections. In the absence of a specific showing of prejudice, he is not entitled to relief.

Aaron has failed to demonstrate that any denial of access to the law library hindered his efforts to pursue his legal claims. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that summary judgment in favor of the defendants be granted and that this case be dismissed with prejudice. It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 2, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 20th day of July, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE